# VOOGT BROS. *v.* HUXLEY.

*(Superior Court of Denver, September 13th, 1883.)*

ATTACHMENT. The amendment to the Code designated as the 14th ground of attachment is inoperative, and attachment sued out thereon will be discharged.

DAWSON, J. This cause is submitted on motion of defendant to discharge the attachment for the reason that it was sued out upon insufficient grounds.

The affidavit states that the demand sued on is "upon an express contract for goods sold and delivered by said plaintiffs to said defendant at defendant's special instance and request; and further, that the said demand is upon an overdue book account."

Section 92 of the Civil Code, as amended (Session Laws, 1881, p. 36), provides that "no writ of attachment shall issue unless the plaintiff * * * shall file * * * an affidavit setting forth that any person is indebted to such creditor, stating the nature and amount of such indebtedness as near as may be, and alleging any one or more of the following causes for attachment." Then follow twelve separate grounds for attachment, all of which imply either that the defendant is a non-resident of the State, or is guilty, or is about to be guilty of some act of fraud, or bad faith, and with the intent and to the effect to hinder and delay creditors. Then follows a provision authorizing an attachment "in every case" where such affidavit has been filed. This is succeeded by the following:

"*Fourteenth*—In all actions brought on overdue promissory notes, bills of exchange, other written instruments for the direct payment of money, and upon book accounts, the creditor may have a writ of attachment issue upon complying with the provisions of this section." (Section 95, Code of 1883).

Attorneys for plaintiffs contend, and in their brief very ingeniously argue, that this provision constitutes an additional ground of attachment. In other words, that no other allegation in the affidavit is necessary to authorize an attachment, than that the amount sued for is due upon a book account. I do not concur in this view. Just what the Legislature intended by the words employed, I do not clearly perceive. It may be

that it was the intention to make the simple fact that a person owed money upon a written contract or book account a ground of attachment. If such was the intention, the language employed 'was unfortunate. If the provision had been to the effect simply that in actions brought upon this class of demands "the creditor may have a writ of attachment issue," there will be little or no difficulty. I think it quite probable that the purpose of the introduction of that fourteenth provision was to create this as a special ground of attachment, and that the qualifying words, "upon complying with the provisions of this section," were added by way of amendment by some legislator whose temper towards debtors was more liberal; that the Legislature concurred with the latter and so took the sting from 'the original idea. But this is in the line of unprofitable speculation. The question is as to the effect of the language employed rather than the motive of the enacting power. Counsel for plaintiffs pertinently ask: "If it is still requisite to allege some one or more of the twelve substantive grounds of attachment, of what effect is this provision?" I am frank to say that I think it is of no effect. The further question— "What was the object of the Legislature in passing it?"—I shall not undertake to answer. It is not the fault of the Courts if the Legislature employ words and phrases in the preparation of acts which render doubtful or defeat the object had in view, whatever that object may have been.

Proceedings by attachment are summary and harsh, and belong to that class in which a literal compliance with the statute is required upon the part of those who invoke them, and in which a strict construction as against the creditor is uniform. To allow an attachment against a debtor simply for the reason that his debt is due, and, unfortunately, he has not the money at command to pay it, and thus charge him with additional costs, if nothing more, is such a radical departure from the long established policy in this country, that I think it ought not to be sanctioned except upon unmistakable statutory requirement —such as is mandatory and manifest upon its face. The Courts will hardly resort to a doubtful construction of unintelligible language to enforce this remedy.

The attachment will be discharged.